UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CARRINGTON MORTGAGE SERVICES, LLC,**

*Plaintiff*

**v.**

**ROSS A. RODRIGUEZ, MICHELE RODRIGUEZ, DAVID VIGIL, KYNDRA VIGIL,**

*Defendants*

No. SA-23-CV-00841-JKP

**O R D E R**

Before the Court is Defendants David Vigil and Kyndra Vigil's (the Vigil Defendants) Motion to Dismiss for Failure to State a Claim. *ECF No. 11*. The Court issues its ruling before Plaintiff's Response in the interest of judicial economy. Upon consideration, the Motion to Dismiss is DENIED.

**Factual Background**

On July 25, 2006, Ross Rodriguez and Michele Rodriguez (the Rodriguezes) executed a Fixed Rate Texas Home Equity Note (the "Carrington Note") in amount of $332,000.00, originally payable to America's Wholesale Lender and now held by Carrington Mortgage. On June 4, 2012, the Rodriguezes sold the Property to David Vigil and Kyndra Vigil through a wraparound mortgage and these parties executed a Promissory Note for the original principal amount of $365,000.00 secured by a Special Warranty Deed in favor of the Rodriguezes. Beginning April 1, 2021, the Rodriguezes failed to make the payments under the terms of the Carrington Note held by Carrington Mortgage. Carrington Mortgage filed this action and in it

alleges three causes of action: (1) a declaratory judgment that it is a mortgagee under Texas Property Code Section 51.0001(4); (2) Non-judicial foreclosure under Texas Property Code Section 51.002; and (3) Judicial Foreclosure either under Texas Property Code Section 51.002 or, in the alternative, Texas Rule of Civil Procedure 309.

## Legal Standard

To provide opposing parties fair notice of what the asserted claim is and the grounds upon which it rests, every pleading must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a Motion to Dismiss filed pursuant to Federal Rule 12(b)(6), the Complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The focus is not on whether the plaintiff will ultimately prevail, but whether that party should be permitted to present evidence to support adequately asserted claims. *See id.*; *see also Twombly*, 550 U.S. at 563 n.8. Thus, to qualify for dismissal under Federal Rule 12(b)(6), a Complaint must, on its face, show a bar to relief. Fed. R. Civ. P. 12(b)(6); *Clark v. Amoco Prod. Co.,* 794 F.2d 967, 970 (5th Cir. 1986). Dismissal "can be based either on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Frith v. Guardian Life Ins. Co.,* 9 F. Supp.2d 734, 737–38 (S.D.Tex. 1998).

In assessing a Motion to Dismiss under Federal Rule 12(b)(6), the Court's review is limited to the Complaint and any documents attached to the Motion to Dismiss referred to in the Complaint and central to the plaintiff's claims. *Brand Coupon Network, L.L.C. v. Catalina*

*Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014). When reviewing the Complaint, the "court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)(quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

## Discussion

In their Motion to Dismiss, the Vigil Defendants state as basis for dismissal of Carrington Mortgage's causes of action asserted against them:

> [t]here is no justiciable action against the Vigil Defendants. The Plaintiff does not ask the Court to resolve a justiciable dispute involving the Vigil Defendants. The Plaintiff merely seeks that the Court declare it the owner of the Carrington Note and the deed of trust which it already purports to be the holder of due to the fact that Bank of America assigned the Carrington Note and the Deed of Trust to the Plaintiff. (Plaintiff's Amended Original Complaint, Paragraph 18).

Under Federal Rule 12(b)(6), a movant bears the burden of showing the non-moving plaintiff failed to state a claim for which relief can be granted. The Vigil Defendants' scant argument is conclusory and provides the Court no substantive basis to dismiss the asserted causes of action against them. The Vigil Defendants provide no legal argument or any reference to case law. "This failure to lay any legal groundwork in support of its argument constitutes a failure to meet its burden of proof for dismissal." *Sheet Pile LLC v. Plymouth Tube Co.*, No. 1:21-CV-00018, 2021 WL 8443737, at *3 (W.D. Tex. Aug. 23, 2021), report and recommendation adopted, 2021 WL 8443760 (W.D. Tex. Sept. 13, 2021) (citing *#1 Fan Co., LLC v. Pepco Licensed Products, Inc.*, No. SA-09-CA-1029-FB, 2011 WL 13269165, at *2 (W.D. Tex. Mar. 16, 2011)).

Because the Vigil Defendants' unsupported and conclusory assertion is insufficient to meet their burden for dismissal under Federal Rule 12(b)(6), the Motion is DENIED. Because there is no substantive argument or authority for Plaintiff Carrington Mortgage to refute or this

Court to consider, in the interest of judicial economy, the Court reviewed the Motion and makes this ruling prior to receiving a Response. *See #1 Fan Co., LLC*, 2011 WL 13269165, at *2.

    It is so ORDERED.
    SIGNED this 22nd day of September, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE