UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**CARRINGTON MORTGAGE SER-VICES, LLC,**

　*Plaintiff*,

v.

**ROSS A. RODRIGUEZ, MICHELE RODRIGUEZ, DAVID VIGIL, KYNDRA VIGIL,**

　*Defendants*.

Case No. SA-23-CV-00841-JKP

# O R D E R

Before the Court is Defendants David Vigil and Kyndra Vigil's (the Vigil Defendants) Motion for Reconsideration of the Court's denial of their Motion to Dismiss for Failure to State a Claim. *ECF Nos. 15,18*. Plaintiff Carrington Mortgage Services responded. *ECF No. 17*. Upon consideration, the Motion for Reconsideration is DENIED.

**UNDISPUTED FACTUAL BACKGROUND**

In this current matter, Carrington Mortgage seeks declaratory judgment that it has the superior lien on certain property (the Property) and a judgment allowing it to foreclose. The Vigil Defendants are not a party to the original Promissory Note secured by a lien on the Property executed by the Rodriguez Defendants and held by Carrington Mortgage that is the subject of the litigation. Instead, the Vigils executed a Promissory Note payable to the Rodriguez Defendants. The Vigil Defendants represent to the Court the purpose of the Promissory Note with the Rodriguezes was for the Vigil Defendants to purchase the Property, with monthly payments to the Ro-

driguezes. The Rodriguezes were obligated to pay part of these payments to Carrington Mortgage's predecessor, Bank of America. The Vigil Defendants represent to the Court they and the Rodriguezes agreed and understood that the monthly payments would be used in part to pay down and eventually payoff the lien on the Property held by Bank of America. After paying the Rodriguez Defendants for six years, the Vigil Defendants attempted to refinance the loan with Bank of America and discovered the description in the Deed of trust was incorrect, as it referenced the wrong lot number, and the loan between Bank of America and the Rodriguezes was not current. Bank of America began a foreclosure proceeding, and litigation between the parties ensued in state court with the Vigil Defendants suing Bank of America asserting superior interest in the Property.

In this action, Carrington Mortgage sues the Rodriguezes and the Vigil Defendants seeking declaratory judgment regarding superior interest in the Property and seeking judicial and nonjudicial foreclosure. The Vigil Defendants currently reside at the Property and contest the foreclosure. On September 22, 2023, this Court, acting sua sponte, denied the Vigil Defendants' Motion to Dismiss the suit against them filed pursuant to Federal Rule 12(b)(6). *ECF No. 13*. This Court held the Motion to Dismiss included unsupported and conclusory assertions insufficient to meet their burden for dismissal under the Federal Rule 12(b)(6). *Id. at ¶ 3. 4*. The Vigil Defendants filed this Motion for Reconsideration in which it asserts for the first time that Carrington Mortgage lacks standing to bring this cause against them. *ECF Nos. 15,18*.

## LEGAL STANDARD

Motions to reconsider serve the narrow purpose of allowing "a party to correct manifest errors of law or fact, or to present newly discovered evidence." *Templet v. Hydro Chem, Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004) (citation omitted). *Krim v. pcOrder, Inc.*, 212 F.R.D.

329, 331 (W.D. Tex. 2002). A motion for reconsideration "calls into question the correctness of a judgment." *Templet,* 367 F.3d at 479. A motion for reconsideration "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Id.* Instead, it merely serves to allow "a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* A motion for reconsideration may also allow a party to bring an intervening change in the controlling law to the Court's attention. *See Schiller v. Physicians Res. Group, Inc.,* 342 F.3d 563, 567-68 (5th Cir. 2003).

## DISCUSSION

In this Motion for Reconsideration, the Vigil Defendants simply restate the conclusory arguments asserted in their Federal Rule 12(b)(6) Motion to Dismiss. The Vigils do not provide any newly discovered evidence nor identify any manifest errors of law or fact this Court should consider. The Vigil Defendants do present significant substantive argument opposing foreclosure on the Property as asserting basis for their superior interest. These substantive arguments provide no basis for this Court's reconsideration of its denial of the Vigil Defendants' Motion to Dismiss, but instead, provide considerable reason for their continued inclusion in this litigation. The undisputed facts and the Vigil Defendants' arguments demonstrate their dismissal from this action would preclude their ability to protect their asserted superior interest in, and oppose foreclosure of, the Property in which they currently reside.

However, the Vigil Defendants do present a new argument challenging this Court's jurisdiction, arguing Carrington Mortgage lacks standing to assert this action against them. *ECF No. 15 at § I ¶ 1-2*. A party's standing is essential to a court's exercise of subject matter jurisdiction. *Sommers Drug Stores Co. Emp. Profit Sharing Tr. v. Corrigan*, 883 F.2d 345, 348 (5th Cir. 1989). A Court must examine its jurisdiction at any stage of litigation. *Id.* Consequently, the Court will consider this argument within this Motion for Reconsideration.

In challenging Carrington Mortgage's standing, the Vigil Defendants rely upon a ruling in the lawsuit between these parties litigated in state court in which they sued Bank of America. The Vigil Defendants represent to the Court they sued Bank of America for usury pertaining to the Promissory Note which is now owned by Carrington Mortgage and the subject of this action. In the state court action, the Vigil Defendants moved for summary judgment and Bank of America responded, arguing the Vigil Defendants lacked standing to bring the suit. As such, the basis of the Vigil Defendants' jurisdictional challenge here is: if the Vigil Defendants had no standing to sue Bank of America in the state court proceeding, then Carrington Mortgage, as Bank of America's predecessor, has no standing to sue them in this case.

Within a Federal Rule 12(b)(6) Motion to Dismiss, the Court must presume the truth of all factual allegations contained in the Complaint in favor of the Plaintiffs. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Thus, at the pleading stage, general factual allegations of injury may suffice. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Review of the Amended Complaint, presumption of the truth of the factual allegations, and consideration of the Vigil Defendants' arguments pertaining to standing present no reason or basis for this Court to conclude Carrington Mortgage has no standing to sue the Vigil Defendants. To the contrary, the Vigil Defendants' present argument contesting Carrington Mortgage's attempted foreclosure and assertion of interest in the Property that is the subject of this action. The Vigil Defendants assert they hold an interest superior to Carrington Mortgage's interest. Further, the Vigil Defendants reside at the Property. Based upon the pleadings and facts before the Court, and upon the Vigil Defendants' arguments, it appears Carrington Mortgage has standing to bring this action against the Vigil Defendants. Should the Vigil Defendants have additional evidence or argument to challenge this Court's jurisdiction, they shall do so in a proper Motion to Dismiss filed pursuant to Federal Rule 12(b)(1).

## CONCLUSION

For the reasons stated, the Vigil Defendants' Motion for Reconsideration of the Court's denial of their Motion to Dismiss filed pursuant to Federal Rule 12(b)(6) in DENIED.

It is so ORDERED.
SIGNED this 20th day of October, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE